APPLETON and others vs. SMITH, impleaded with another.

*Contract construed — Partnership.*

An oral contract between S. (an army sutler) and D. was subsequently reduced to writing, which states that "D. agreed to furnish the capital and procure a stock of goods necessary to commence and carry on the business of sutler as contemplated, *which he is hereby acknowledged to have done.*" S. was to give his time and personal attention to the business; and the profits, after repaying D.'s advances, were to be divided between the parties. *Held,*

1. That D. was merely to advance sufficient capital to procure the original stock, and purchases subsequent to the date of said written instrument were to be made from the proceeds of goods already sold.

2. That S., having carried on the business in his own name, and not as agent or employee of D., and being interested in the profits as such, was liable as a partner to persons of whom goods were subsequently purchased.

APPEAL from the Circuit Court for *Dane* County.

The complaint alleges that on the 2d of November, 1865, and thereafter until after the 4th of January, 1866, the defendants, *Smith* and *Dean*, were "copartners in trade in the sutlership business, and doing business under the name and style of *George C. Smith*, Sutler of the 50th U. S. Colored Infantry;" and the action is for goods alleged to have been sold to said firm by the plaintiffs at the dates aforesaid. The defendant *Smith* answered, denying the partnership, and alleging that the goods were to be purchased and paid for by *Dean* on his own account and credit exclusively, and were to be sold by *Smith* as sutler, and the profits of the sales to be divided between him and *Dean*. It is further alleged that at the time the particular goods in question were bought, *Smith* distinctly informed the plaintiffs that they were bought by *Dean* alone on his own credit, and that plaintiffs declared they so understood it.

It appears from the evidence that about December 13, 1864, *Smith* was appointed sutler of the regiment above named, and acted as such for a long time thereafter; that in January, 1865, pursuant to an oral agreement between them, *Dean* purchased goods at St. Louis, Mo., and had them charged to "*George C. Smith*, Sutler," etc., and forwarded to him at Vicksburg, Miss., and afterward paid for them.   In June, 1865, *Smith* and *Dean* executed the following agreement under seal: "This agreement, executed the 8th day of June, 1865, at Mobile, Ala., between *George C. Smith*, of the county of Jefferson, state of Wisconsin, of the one part, and *Nathaniel W. Dean*, of the city of Madison, state aforesaid, of the other part, witnesseth: That the said *Smith*, having on the        day of          , 1864, received a commission as sutler of the 50th Regiment of U. S. Colored Infantry, Col. Gilchrist commanding, under the following agreement between the parties hereto, which by these presents is hereby ratified and confirmed: *First*. The said *Dean* agreed to furnish the capital and procure a stock of goods necessary to commence and carry on the business of sutler, as contemplated, which he is hereby acknowledged to have done. *Second*. The said *Smith* agreed to take charge of the goods and conduct the said business in his own name, devoting his whole time, talents and energies therein. *Third*. From and after this date the said *Smith* agrees to keep a true and faithful account of all moneys received and paid out by him, in a book kept for that purpose, and to exhibit the same to the said *Dean* at any time he may desire it.   *Fourth*. After refunding to the said *Dean* all moneys advanced or expended by him, in connection with the business, and paying all liabilities and expenses of the establishment, the profits growing out of the business, if any, shall be equally divided between the aforesaid parties, so that each shall share alike.   This agreement shall continue in force and

be binding upon the said parties hereto so long as the said *Smith* shall continue to hold the place of sutler. In witness whereof," etc.   After the execution of this agreement, various purchases were made, and the goods charged and shipped, and bills made out, to "*George C. Smith*, Sutler," etc. ; and the last of these purchases consisted of the goods for which this action was brought, all others having been paid for.   *Smith* was present when these goods were selected, and assisted in selecting them.   The testimony for the plaintiffs tended to show that it was customary for sutlers to have partners in their business, the sutler making the sales, and his partner making the purchases and payments, and the whole business being transacted in the name of the sutler ; that plaintiffs, when these purchases were made, had never heard either of the defendants say any thing as to their business arrangements, but were led to suppose by their actions that they were partners ; that, when bills prior to this were paid, the money was sent them by *Dean* from Madison, with the request to credit *George C. Smith* with the amount, which was accordingly done ; that, when the goods in question were purchased, *Smith* did not intimate that *he* was not responsible for them, or that *Dean only* was so responsible ; and that plaintiffs sold the goods on the joint credit of defendants.   The defendant *Smith*, as a witness in his own behalf, testified that he informed *Mr. Appleton*, when selecting the goods here in question, that *Dean* alone was responsible for them, and that *Appleton* assented to the statement ; that he (*Smith*) supposed the goods purchased of plaintiffs by *Dean* were charged to the latter, though they were billed to him as sutler, in order that they might be passed through the lines ; and that he did not know, at the time, that these goods were charged to him.   The other testimony need not be stated.

The court held that, by the terms of the written con-

tract above stated, *Dean* was bound to furnish the stock not only to commence, but to carry on, the business of sutler, and was to continue to do this so long as *Smith* held the office of sutler; that, as between *Smith* and *Dean*, therefore, the latter was bound to pay for the goods in question.    It further instructed the jury as follows : ''In view of the contract, as I have construed it, *Smith* is not liable in this action, unless you find from the evidence that he requested the plaintiffs to sell and credit the goods to himself, or to himself and *Dean*, or authorized *Dean* to purchase them on his individual credit, or on their joint credit ; or, unless he held himself out, or authorized *Dean* to hold him out, to these plaintiffs as a general partner with *Dean* in the purchase of these goods ; or unless you find that the course of dealing by the defendants with the plaintiffs was such that the plaintiffs believed and supposed that the defendants were general partners, and, as such, liable to them.''

Verdict for the defendant *Smith ;* new trial denied, and judgment upon the verdict; from which plaintiffs appealed.

*Stevens & Flower*, for appellants, to the point that the written agreement between *Smith* and *Dean* constituted them general partners in the sutlership business, cited Collyer on Part. 2, 12, 13 ; *Peacock v. Peacock*, 16 Vesey, 49 ; *Taft v. Buffum*, 14 Pick. 324 ; *Dob v. Halsey*, 16 Johns. 34 ; *Brown v. Cook*, 3 N. H. 64 ; *Barrett v. Swann*, 17 Me. 180 ; *Everitt v. Chapman*, 6 Conn. 347 ; *Champion v. Bostwick*, 18 Wend. 175 ; *Holt v. Kernodle*, 1 Ired. 199 ; *Heath v. Van Cott*, 9 Wis. 516 ; *Weiseger v. Wheeler*, 14 id. 101 ; *Sigerson v. Cushing*, id. 527 ; *Farmers' L. & T. Co. v. Com. Bank*, 15 id. 424 ; *Miller v. Price*, 20 id. 117.    To the point that, if not partners as between themselves, they were still liable as such to third persons having dealings with them in relation to that business, they cited *Hazard v. Haz-*

Appleton and others vs. Smith, impleaded with another.

*ard*, 1 Story C. C. 371; *Waugh v. Carver*, Smith's L.
C. 1141; *Bromley v. Elliott*, 38 N. H. 287; *Smith v. Hollister*, 32 Vt. 704; *Sheridan v. Medara*, 2 Stockt. 469;
*Wood v. Vallette*, 7 Ohio St. 173; *Frost v. Hanford*,
1 E. D. Smith, 540; *Pinckney v. Keyler*, 4 id. 469; *Cottrill v. Van Dusen*, 22 Vt. 511; *Stearns v. Havens*, 14 id.
545; *Wait v. Brewster*, 31 Vt. 516; *Fisher v. Bowles*,
20 Ill. 396; *Guidon v. Robson*, 2 Campb. 302; *Booe v.
Caldwell*, 12 Ind. 12.

*H. W. & D. K. Tenney*, for respondent, contended
that the construction put upon the written contract was
the correct one, and that there was nothing outside of
that contract to charge *Smith* in this action.

DIXON, C. J. The words in the first paragraph of the
agreement, "which he is hereby acknowledged to have
done," indubitably establish the fact that the defendant
*Dean* was only in the first instance to furnish the capital
and procure a stock of goods necessary to commence and
carry on the business, and that thereafter, as further
supplies of goods were needed, the same were to be purchased and paid for out of the proceeds of the goods
already sold and the capital already furnished. The
words quoted imply, as plainly as language can, that
this stipulation on the part of *Dean* had been fully executed by him at the time the agreement was drawn up
and signed, and that he was not, thereafter, to furnish
any capital or to procure any goods at his own individual expense, or upon his sole credit or otherwise. It
follows, as a necessary consequence of this, that all further supplies of goods requisite to keep up the stock
and to carry on the business were to be purchased by
*Smith*, or at least were to be paid for by him out of the
proceeds of sales previously made; and there is nothing
in the other provisions of the agreement from which any
different intention is to be inferred. On the contrary,
they all seem very strongly to show that such was the

understanding of the parties with regard to the course of business to be pursued.

Such being the obviously true construction of the agreement, all foundation for the claim of the defendant *Smith*, that his co-defendant *Dean* was to purchase and pay for the goods sold by the plaintiffs, is removed, as also all ground of defense on the part of *Smith* to this action. The business having been carried on by *Smith* in his own name, and for himself, and not as agent or employee, and he having been interested in and entitled to receive and retain one-half of the accruing profits, *as such*, and not merely as wages or by way of specific compensation or payment for his labor and services, he and *Dean* were partners as to third parties, whatever their relations may have been as between themselves. See Parsons on Partnership, pp. 70, 71, and note, and pp. 88 to 93, and notes.

It follows that the judge below erred in his instructions to the jury, and that the judgment must be reversed, and a *venire de novo* awarded.

*By the Court.* — Ordered accordingly.